**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

L2 DIGITAL, LLC, a Wyoming limited
liability company,

      Plaintiff,

      v.

ADAM TRACY, an individual; 1944, LLC,
an Illinois limited liability company; and
CAPITAL LAW GROUP, LLC d/b/a
BLOCKRUNNER, LLC, a dissolved
Illinois limited liability company,

      Defendants.

Case No. 1:26-cv-3651

## COMPLAINT

Plaintiff, L2 Digital, LLC, for a cause of action against Defendants Adam Tracy, 1944, LLC, and Capital Law Group, LLC d/b/a Blockrunner, LLC, alleges as follows:

1. This is an action by Plaintiff L2 Digital against Defendant Adam Tracy and his related business entities to recover no less than $125,000 in principal, plus accrued interest and attorney's fees, arising from Tracy's failure to repay a Senior Secured Promissory Note executed on February 6, 2024. Tracy's obligations are secured by a pledge of substantially all of his assets and a guaranty executed by the codefendants. Despite several written demands, Tracy has made no payment, and the debt remains outstanding in full.

### THE PARTIES

2. Plaintiff L2 Digital is a limited liability company organized under the laws of Wyoming. Its sole member is Brian Nelson, an individual. Mr. Nelson is a citizen of Florida.

3. Defendant Adam Tracy is an individual who resides in Wheaton, Illinois.

4. Defendant 1944, LLC is a limited liability company organized under the laws of Illinois. On information and belief, all members of 1944, LLC are citizens of Illinois.

5. Defendant Capital Law Group, LLC d/b/a Blockrunner, LLC ("Blockrunner"), is a defunct limited liability company organized under the laws of Illinois. On information and belief, all members of Blockrunner when it was active are citizens of Illinois. According to records kept by the Illinois Secretary of State, Blockrunner was involuntarily dissolved on April 11, 2025.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and this dispute is between citizens of different states.

7. Plaintiff L2 Digital is a citizen of Florida by virtue of the citizenship of Brian Nelson, its sole member. Defendant Adam Tracy is a citizen of Illinois. Defendant 1944, LLC is a citizen of Illinois because, on information and belief, its members are citizens of Illinois. Blockrunner, while it was active, was a citizen of Illinois because, on information and belief, its members are citizens of Illinois.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Tracy is a natural person domiciled in this District, and thus resides in this District, and Defendants 1944, LLC and Blockrunner are residents of Illinois.

## FACTUAL ALLEGATIONS

9. Brian Nelson and Defendant Tracy are former business associates.

10. On February 6, 2024, Tracy executed a Senior Secured Promissory Note (the "Note") in the original principal amount of $125,000 (the "Principal Amount") in favor of L2 Digital. A true and correct copy of the Note is attached as **Exhibit 1**.

11. Under the Note, the principal balance was due and payable in full on or before April 6, 2024 (the "Maturity Date").

12. The Note also provided that Tracy conveyed to L2 Digital a first lien security interest on all assets he then owned or later acquired, to secure the payment he was required to make under the Note. This security interest was memorialized in a separate agreement (the "Security Agreement"). A true and correct copy of the Security Agreement is attached as **Exhibit 2**.

13. The Note further provided that Tracy pledged to L2 Digital all of his ownership interest in 1944, LLC as further security for the payment he was required to make under the Note. This securities pledge was memorialized in a separate agreement (the "Securities Pledge Agreement"). A true and correct copy of the Securities Pledge Agreement is attached as **Exhibit 3**.

14. 1944, LLC and Blockrunner signed a Guaranty agreement (the "Guaranty"), guaranteeing Mr. Tracy's performance under the Note. A true and correct copy of the Guaranty is attached as **Exhibit 4**. Pursuant to a representation made in the Guaranty, 1944, LLC is the owner of record of Tracy's home in Wheaton, Illinois.

15. In each of these agreements, the parties expressly consented to the jurisdiction of any federal or Illinois state court in Cook County, Illinois to adjudicate any dispute arising from the agreement.

16. Upon an Event of Default, default interest automatically accrues on the unpaid principal amount, or any interest due under the Note, at the rate of 20% per annum, continuing until the Event of Default is cured. Separately, and in addition to any other rights or remedies provided under the Note, at the option of L2 Digital, all sums evidenced by the Note (including all

principal, default interest, fees, and all other amounts due) shall become immediately due and payable.

17. Separately, Tracy's failure to perform any of the covenants in the Note, or any covenants in any other agreements between Tracy and L2 Digital, which continues for a period of 10 days after L2 Digital has given a notice of default to Mr. Tracy, constitutes an Event of Default.

18. Tracy failed to pay the Principal Amount on or before April 6, 2024. This was an Event of Default.

19. As of the date of the filing of this Complaint, Tracy has failed to make any payment toward the Principal Amount or any other amounts due under the Note.

20. L2 Digital has made numerous attempts to collect the amount owed to it under the Note, including a formal written demand made on January 20, 2026, all of which have been unsuccessful.

21. On information and belief, Blockrunner never published a written notice of its dissolution pursuant to 805 ILCS 180/25-50.

22. Under the Note, L2 Digital is entitled to recover all costs of collection, including reasonable attorney's fees and all costs of suit, in the event Tracy fails to pay the unpaid principal amount or any payment of default interest when due.

23. Under the Securities Pledge Agreement, the successful or prevailing party in any legal action or proceeding brought in connection with the agreement is entitled to recover from the non-prevailing party reasonable attorney's fees and other costs incurred in such action or proceeding.

24. The Guaranty makes each Guarantor liable for any and all costs and expenses, including, without limitation, reasonable attorney's fees, incurred by L2 Digital in enforcing Tracy's obligations under the Note and each Guarantor's obligations under the Guaranty.

## COUNT I
### Breach of Contract
### (against Defendant Tracy)

25. L2 Digital restates and incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

26. The Note, the Security Agreement, and the Securities Pledge Agreement are duly executed, enforceable contracts supported by consideration.

27. L2 Digital fully performed all of its obligations under the Note, the Security Agreement, and the Securities Pledge Agreement, including advancing the full loan amount to Tracy.

28. Tracy is in breach of his obligations under the Note, the Security Agreement, and the Securities Pledge Agreement, including, *inter alia*, to timely pay L2 Digital the Principal Amount.

29. L2 Digital has suffered harm as a result of Tracy's breaches of the Note, the Security Agreement, and the Securities Pledge Agreement, including but not limited to the unpaid principal amount of $125,000, default interest accruing on the unpaid principal at the rate of 20% per annum from the date of the Event of Default, all costs of collection, including reasonable attorney's fees and costs of suit, and all legal fees and other costs and expenses incurred in protecting or enforcing its rights under the Loan Documents and the Security Agreement and in protecting or foreclosing on the Collateral.

## COUNT II
### Breach of Contract
### (against Defendant 1944, LLC)

30. L2 Digital restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

31. The Guaranty is a duly executed, enforceable contract supported by consideration. 1944, LLC executed the Guaranty for and in consideration of the benefits it received from Tracy's performance under the Note, among other good and valuable consideration, the sufficiency and receipt of which 1944, LLC acknowledged.

32. 1944, LLC is in breach of its obligations under the Guaranty, including, *inter alia*, its obligation to pay the amount owed by Tracy on the Note in the event he fails to pay that amount. Under the Guaranty, 1944, LLC absolutely and unconditionally guaranteed, for L2 Digital's benefit, the full and punctual payment of all amounts due to L2 Digital under the Note. The Guaranty is a continuing, absolute, and unconditional guaranty of payment and performance, not collection, and 1944, LLC waived any right to require L2 Digital to proceed against Tracy before demanding payment from 1944, LLC.

33. Tracy has failed to pay the amounts due and owing under the Note, triggering 1944, LLC's obligations under the Guaranty. Despite demand, 1944, LLC has failed to pay the amounts due and owing under the Note, in breach of the Guaranty.

34. As a direct and proximate result of 1944, LLC's breach of the Guaranty, L2 Digital has suffered damages, including but not limited to the unpaid principal amount of $125,000, default interest accruing at the rate of 20% per annum from the date of the Event of Default, and all costs and expenses, including without limitation reasonable attorney's fees, incurred by L2 Digital in enforcing Tracy's obligations under the Note and 1944, LLC's obligations under the Guaranty.

## COUNT III
### Breach of Contract
### (against Defendant Blockrunner)

35.     L2 Digital restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

36.     The Guaranty is a duly executed, enforceable contract, made on February 6, 2024, by and among 1944, LLC, Blockrunner, LLC, and L2 Digital. The Guaranty is supported by good and valuable consideration, the sufficiency and receipt of which Blockrunner, LLC acknowledged.

37.     Blockrunner breached its obligations under the Guaranty, including, *inter alia*, its absolute and unconditional obligation to guarantee the full and punctual payment of all amounts due to L2 Digital under the Note. Tracy has failed to pay the amounts due and owing under the Note, triggering Blockrunner's obligations under the Guaranty. Despite demand, Blockrunner has failed to satisfy those obligations.

38.     The Guaranty is a continuing, absolute, and unconditional guaranty of payment and performance, not collection, and Blockrunner waived any right to require L2 Digital to proceed against Tracy before demanding payment from Blockrunner.

39.     This action against Blockrunner is proper pursuant to 805 ILCS 180/25-50, which provides that a claim may be enforced against a dissolved limited liability company. Blockrunner is an Illinois limited liability company that has been dissolved, and L2 Digital's claim arose prior to its dissolution.

40.     As a direct and proximate result of Blockrunner's breach of the Guaranty, L2 Digital has suffered damages, including but not limited to the unpaid principal amount of $125,000, default interest accruing thereon, and all costs and expenses, including without limitation reasonable attorney's fees, incurred by L2 Digital in enforcing Tracy's obligations under the Note and

Blockrunner's obligations under the Guaranty.

**COUNT IV**
**Unjust Enrichment**
**(against all Defendants)**

41.     L2 Digital restates and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

42.     L2 Digital pleads this Count in the alternative to its breach of contract claims in Counts I through III, to the extent the Court determines that an enforceable contract does not govern the subject matter of this dispute.

43.     Defendants have unjustly retained a benefit, to wit, the $100,000 that L2 Digital advanced to Tracy in exchange for Tracy's execution of the Note. Pursuant to the Note's original issue discount structure, L2 Digital advanced $100,000 as the purchase price for the Note, and Tracy unconditionally promised to repay $125,000, the excess of which represents original issue discount that was fully earned and charged to Tracy upon execution. Tracy used or retained those funds for his own benefit and for the benefit of his affiliated entities, including 1944, LLC and Blockrunner, without repaying L2 Digital as required.

44.     L2 Digital conferred that benefit on Defendants with the reasonable expectation of repayment. Defendants accepted and retained those funds without providing any compensation to L2 Digital in return.

45.     Defendants' retention of that benefit violates the fundamental principles of justice, equity, and good conscience. It would be inequitable to allow Defendants to retain the proceeds of the Note without repaying L2 Digital the amounts due and owing thereunder.

46.     As a direct and proximate result of Defendants' unjust retention of the benefit con-

ferred upon them, L2 Digital has suffered damages in an amount no less than $125,000, plus interest, costs, and reasonable attorney's fees.

**Wherefore**, L2 Digital respectfully requests that this Court:

a. Enter judgment in L2 Digital's favor on all claims;

b. Award L2 Digital any and all damages it is owed under the Note, the Security Agreement, the Securities Pledge Agreement, and the Guaranty, including the unpaid principal of $125,000, plus all accrued default interest at the rate of 20% per annum;

c. Award L2 Digital its reasonable costs, including attorney's fees, pursuant to the parties' agreements;

d. Order foreclosure on the Collateral pledged by Tracy under the Security Agreement and the Securities Pledge Agreement, including Tracy's membership units in 1944, LLC, and direct the application of the proceeds thereof to satisfy the judgment;

e. Award pre- and post-judgment interest as permitted by law; and

f. Grant any further relief as justice may require.

Dated: April 1, 2026

Respectfully submitted,

L2 DIGITAL, LLC

*/s/ Benjamin S. Morrell*
Benjamin S. Morrell (IL ARDC No. 6341896)
Spencer J. Parts (IL ARDC No. 6346375)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
Tel.: (312) 527-4000
Fax: (312) 527-4011
bmorrell@taftlaw.com
sparts@taftlaw.com

*Counsel for Plaintiff*