# Exhibit 1

**THIS NOTE WAS ISSUED WITH ORIGINAL ISSUE DISCOUNT ("OID") WITHIN THE MEANING OF SECTION 1273 OF THE INTERNAL REVENUE CODE OF 1986, AS AMENDED (THE "CODE"), AND THIS LEGEND IS REQUIRED BY SECTION 1275(c) OF THE CODE.**

## SENIOR SECURED PROMISSORY NOTE
## DUE APRIL 6, 2024

No.1                                                                                                   $125,000

**FOR VALUE RECEIVED,** Adam Tracy (the "Maker"), promises to pay L2 Digital, LLC, a Wyoming limited liability company or its registered assigns (the "**Holder**"), the sum of One Hundred Twenty-Five Thousand and 00/100 ($125,000/00) Dollars (the "**Principal Amount**") in lawful money of the United States of America on or before the Maturity Date as defined herein, with all Interest and costs thereon as defined and specified herein.

1.      **Interest.** This Note shall bear not bear interest other than as provided for in an Event of Default, as is defined herein.

2.      **Payments.** All payments under this Note shall first be credited against costs and expenses provided for in this Note, second to the payment of any penalties, third to the payment of accrued and unpaid Default Interest, if any, and the remainder shall be credited against the Principal Amount. All payments due hereunder shall be payable in legal tender of the United States of America, and in same day funds delivered to the Holder by cashier's check, certified check, bank wire transfer or any other means of guaranteed funds to the mailing address provided below, or at such other place as the Holder shall designate in writing for such purpose from time to time. If a payment under this Note otherwise would become due and payable on a Saturday, Sunday or statutory holiday in Chicago, Illinois (any other day being a "Business Day"), the due date of the payment shall be extended to the next succeeding Business Day, and Default Interest, if any, shall be payable thereon during such extension.

3.      **Pre-Payments and Maturity Date.** This Note shall be due and payable in full, on April 6, 2024 (the "**Maturity Date**"). At any time on or prior to the Maturity Date, the Maker shall have the right to prepay this Note, in whole or in part, without penalty. Notwithstanding the foregoing, if the Maker secures financing secured by that parcel of real property commonly known as 1944 Gladstone Drive, Wheaton, Illinois, which results in proceeds received by the Maker of at least One Hundred Twenty-Five Thousand and 00/100 ($125,000/00) Dollars (a "**Pre-Payment Event**"), then all amounts owed under this Note shall become due and payable withing five (5) days.

4.      **Original Issue Discount.** The Lender shall purchase this Note at a price equal of One Hundred Thousand and 00/100 ($100,000/00) Dollars which shall represent a twenty (20%) percent Original Issue Discount. Accordingly, the Maker acknowledges that the Principal Amount of this Note exceeds the Purchase Price (as defined in the Securities Purchase Agreement) and that such excess is an original issue discount and shall be fully earned and charged to the Maker upon the execution of this Note and shall be paid to the Holder as part of the outstanding Principal

Amount as set forth in this Note.

5. **Commitment Fee.** As soon as practicable following the issuance of this Note, the Maker shall cause to be assigned to L2 Digital, LLC, a Wyoming limited liability company, one hundred (100) Class B Shares of L2 Digital Fund, Ltd., an entity organized under the laws of the British Virgin Islands.

6. **Security Interest.** In consideration of the Holder extending credit to the Maker pursuant to Note, the maker hereby grants to the Holder a security interest in all assets, tangible or intangible, now owned or hereafter acquired by the maker, including but not limited to real property, personal property, accounts receivable, equipment, inventory, and all proceeds thereof, to secure the payment and performance of all obligations, present or future, under this Note.. The Maker agrees to execute and deliver to the lender any additional documents necessary to perfect and maintain the security interest granted herein.

7. **Pledge of Membership Units.** As further security for the performance and payment of all obligations under this promissory note, the Maker hereby pledges to Holder all of its membership units or interests in 1944, LLC, aa Illinois limited liability company], including any and all rights, titles, and interests therein, and agrees to execute any additional documents necessary to perfect such pledge. The Maker represents and warrants that it is the sole owner of such membership units, free and clear of any encumbrances, and has the authority to pledge the same."

8. **Exemption from Restrictions.** It is the intent of the Maker and the Holder in the execution of this Note that the indebtedness hereunder be exempt from the restrictions of the usury laws of any applicable jurisdiction. The Maker and the Holder agree that none of the terms and provisions contained herein shall be construed to create a contract for the use, forbearance or detention of money requiring payment of interest at a rate in excess of the maximum interest rate permitted to be charged by the laws of any applicable jurisdiction. In such event, if any holder of this Note shall collect monies which are deemed to constitute interest which would otherwise increase the effective interest rate on this Note to a rate in excess of the maximum rate permitted to be charged by the laws of any applicable jurisdiction, all such sums deemed to constitute interest in excess of such maximum rate shall, at the option of such holder, be credited to the payment of this Principal Amount due hereunder or returned to the Maker.

9. **Senior Indebtedness.** This Note shall constitute the Senior Indebtedness of the Maker and is secured by that certain Security Agreement ("**Security Agreement**") of even date herewith, by Maker in favor of Holder. The indebtedness evidenced by this Note is senior to the prior payment when due of the Principal Amount of, and premium, if any, and accrued and unpaid interest on, all existing and future Subordinated Indebtedness of the Maker and prior payment when due of the Principal Amount of, and premium, if any, and accrued and unpaid interest on, all existing and future Secured Indebtedness of the Maker to the extent of the assets securing such Secured Indebtedness. The term "Senior Indebtedness" shall mean: (i) the Principal Amount and premium, if any, and Interest and expenses on any indebtedness of the Maker to Holder under this Note, and (ii) all amendments, modifications, renewals, extensions and refinancings of the Senior Indebtedness as defined in clause (i) above. The term "**Secured Indebtedness**" shall mean any indebtedness of the Maker, whether outstanding on the date of this Note or hereafter incurred, that is secured by all or part of the assets of the Maker. The term "Subordinated Indebtedness" shall

2

mean any indebtedness of the Maker, whether outstanding on the date of this Note or hereafter incurred, which is contractually subordinate or junior in right of payment to the Secured Indebtedness and this Note. Maker represents and warrants to Holder that the Subordinated Indebtedness includes all the existing indebtedness of the Maker as of the date first above written.

10.     **Default.** The Maker shall perform its obligations and covenants hereunder and in each and every other agreement between the Maker and the Holder pertaining to the Indebtedness evidenced hereby. The following provisions shall apply upon failure of the Maker to perform:

10.1.    *Event of Default.* Any of the following events shall constitute an "**Event of Default**" hereunder:

10.1.1.    Failure by the Maker to pay the Principal Amount of the Note when due and payable on the Maturity Date;

10.1.2.    Failure of the Maker to perform any of the covenants, conditions, provisions or agreements contained herein, or in any other agreement between the Maker and the Holder which failure continues for a period of ten (10) days after notice of default has been given to the Maker by the Holder; or

10.1.3.    The entry of an order for relief under Federal Bankruptcy Code as to the Maker or entry of any order appointing a receiver or trustee for the Maker or approving a petition in reorganization or other similar relief under bankruptcy or similar laws in the United States of America or any other competent jurisdiction, and if such order, if involuntary, is not satisfied or withdrawn within sixty (60) days after entry thereof; or the filing of a petition by the Maker seeking any of the foregoing, or consenting thereto; or the filing of a petition to take advantage of any debtor's act; or making a general assignment for the benefit of creditors; or admitting in writing inability to pay debts as they mature.

10.2.    *Acceleration.* Upon any Event of Default (in addition to any other rights or remedies provided for under this Note), at the option of the Holder, all sums evidenced hereby, including all principal, Default Interest, fees and all other amounts due hereunder, shall become immediately due and payable.

10.3.    *Notice by Maker.* Upon the happening of any Event of Default specified in this Paragraph that is not cured within the respective periods prescribed above, the Maker will give prompt written notice thereof to the Holder of this Note.

10.4.    *No Waiver.* Failure of the Holder to exercise any option hereunder shall not constitute a waiver of the right to exercise the same in the event of any subsequent Event of Default, or in the event of continuance of any existing Event of Default after demand or performance thereof.

10.5. *Default Interest.* Default Interest will accrue on the unpaid Principal Amount or any interest due hereunder at the rate of twenty (20%) percent per annum upon the occurrence of any Event of Default until the Event of Default is cured.

10.6. *Pursuit of any Remedy.* The Holder of a Note may pursue any remedy under the Note unless the Maker has not received written notice of a continuing Event of Default from the Holder. The Holder shall have the right to direct the time, method and place of conducting any proceeding for exercising any remedy available to the Holder under the Note.

11. **Collection Fees.** Except as otherwise provided herein, the Maker shall pay all costs of collection, including reasonable attorneys' fees and all costs of suit and preparation for such suit (and whether at trial or appellate level), in the event the unpaid Principal Amount of this Note, or any payment of Default Interest is not paid when due, or in the event the Holder is made party to any litigation because of the existence of the Indebtedness evidenced by this Note, or if at any time the Holder should incur any attorneys' fees in any proceeding under the Federal Bankruptcy Code (or other similar laws for the protection of debtors generally) in order to collect any Indebtedness hereunder or to preserve, protect or realize upon any security for, or guarantee or surety of, such Indebtedness whether suit be brought or not, and whether through courts of original jurisdiction, as well as in courts of appellate jurisdiction, or through a bankruptcy court or other legal proceedings.

12. **Assignment, Transfer or Loss of the Note**. The Holder shall have the right to assign, transfer, or convey all or any portion of its interest in this Note, in whole or in part, to any third party without the prior consent of the Maker. Such assignment, transfer, or conveyance shall be effective upon written notice to the undersigned borrower.

13. **Modifications and Amendments.** Any provision of this Note may be amended, waived or modified upon the written consent of the Maker and Holder.

14. **Notices.** All notices and other communications required or which may be given hereunder shall be in writing and shall be deemed effectively given or received for all purposes only (i) when presented personally, (ii) on receipt when mailed by U.S. first class mail, registered or certified, postage prepaid, return receipt requested, (iii) one day after being sent if sent by professional overnight courier or messenger service, or (iv) on the date of transmission if sent by telecopy or other means of electronic transmission, with receipt confirmed by answer back or otherwise, at the address indicated on the signature page to this Agreement (or addressed as any party may subsequently designate by notice in accordance with this Section).

15. **Binding Effect.** This Note shall be binding upon the parties hereto and their respective heirs, executors, administrators, representatives, successors and permitted assigns.

16. **Construction.** This Note shall be governed as to its validity, interpretation, construction, effect and in all other respects by and in accordance with the laws and interpretations thereof of the State of Illinois. Unless the context otherwise requires, the use of terms in singular and masculine form shall include in all instances singular and plural number and masculine, feminine and neuter gender.

4

17. **Severability.** In the event any one or more of the provisions contained in this Note or any future amendment hereto shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Note or such other agreement, and in lieu of each such invalid, illegal or unenforceable provision there shall be added automatically as a part of this Note a provision as similar in terms to such invalid, illegal or unenforceable provision as may be possible and be valid, legal and enforceable.

18. **Entire Agreement.** This Note Agreement represents the entire agreement and understanding between the parties concerning the subject matter hereof and supersede all prior and contemporaneous agreements, understandings, representations and warranties with respect thereto.

19. **Governing Law, Jurisdiction, Jury Waiver.** This Agreement will be construed, enforced and otherwise governed by the laws of the State of Illinois, without regard to its conflict of law principles. THE PARTIES HEREBY IRREVOCABLY SUBMIT TO THE JURISDICTION OF ANY UNITED STATES FEDERAL OR ILLINOIS STATE COURT SITTING IN COOK COUNTY, ILLINOIS IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO ANY LOAN DOCUMENTS AND HEREBY IRREVOCABLY AGREE THAT ALL CLAIMS IN RESPECT OF SUCH ACTION OR PROCEEDING MAY BE HEARD AND DETERMINED IN ANY SUCH COURT AND WAIVE ANY OBJECTION ANY OF THEM MAY NOW OR HEREAFTER HAVE AS TO THE VENUE OF ANY SUCH SUIT, ACTION OR PROCEEDING BROUGHT IN SUCH A COURT OR THAT SUCH COURT IS AN INCONVENIENT FORUM. THE PARTIES HEREBY WAIVE TRIAL BY JURY IN ANY JUDICIAL PROCEEDING INVOLVING, DIRECTLY OR INDIRECTLY, ANY MATTER IN ANY WAY ARISING OUT OF, RELATED TO, OR CONNECTED WITH ANY LOAN DOCUMENT.

20. **Representations, Warranties and Covenants to Survive Closing.** All representations, warranties and covenants contained herein shall survive the execution and delivery of this Note and the issuance of any securities upon the conversion hereof.

21. **Headings.** The headings used in this Note are used for convenience only and are not to be considered in construing or interpreting this Note.

22. **Miscellaneous.** Except as otherwise provided herein, the Maker waives demand, diligence, presentment for payment and protest, notice of extension, dishonor, maturity and protest. Time is of the essence with respect to the performance of each and every covenant, condition, term and provision hereof.

5

**IN WITNESS WHEREOF,** this Note has been issued on the 6th day of February 2024

**FOR THE MAKER:**

By: _____

Adam Tracy

Mailing Address of Holder:

L2 Digital, LLC
30 N Gould Suite R
Sheridan WY 82801

Mailing Address of Maker:

Adam Tracy
1944 Gladstone Drive
Wheaton, IL 60189