# Exhibit 4

## GUARANTY

**THIS GUARANTY** is made as of February 6, 2024, (the "**Agreement**") by and among 1944, LLC, an Illinois limited liability company, and Blockrunner, LLC, an Illinois limited liability company (together, the "**Guarantor**) and L2 Digital, LLC, a Wyoming limited liability company( the "**Lender**"), together with their respective heirs, successors and assigns. The parties, intending to be legally bound, hereby agree as follows:

**WHEREAS,** the Lender has agreed to extend a loan in the amount of One Hundred Twenty-Five Thousand and 00/100 ($125,000/00) Dollars to Adam Tracy (the "**Borrower**"), the lone member of the Guarantor (the "**Loan**");

**WHEREAS,** the Borrower has made a Senior Secured Promissory Note of even date herewith payable to Lender as payee (the "**Note**") to memorialize and secure Borrower's repayment of the Loan; and

**WHEREAS,** Guarantor will directly benefit by Borrower's performance under the Note and is willing to provide an unconditional guaranty of payment and performance of Borrower's obligations arising from or relating to the Note.

**NOW THEREFORE**, for and in consideration of the premises hereof, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the parties hereby agree as follows:

1. **Guaranty of Payment and Performance**. Each Guarantor absolutely and unconditionally guarantees, for Lender's benefit, the full and punctual payment of all amounts due Lender under the Note. All of the obligations of the Guarantors hereunder are joint and several. Lender may, Lender's sole and absolute discretion, enforce the provisions hereof against any Guarantor and shall not be required to proceed against all Guarantors jointly or seek payment from the Guarantors ratably. If any dissolution, liquidation, bankruptcy, reorganization, receivership, debt arrangement or other similar proceeding is instituted by or against Guarantor or Borrower, all amounts to be paid by Borrower shall at Lender's option immediately become due and payable from Guarantor.

2. **Costs of Collection**. Each Guarantor shall be liable to Lender for any and all costs and expenses, including without limitation reasonable attorneys' fees, incurred by Lender in enforcing Borrower's obligations under the Note and Guarantor's obligations under this Guaranty.

3. Waiver of Notices; Authorization. Each Guarantor hereby waives any right to receive notice in connection with the existence, creation or nonpayment of Borrower's obligations under the Note. Guarantor authorizes Lender, without notice of demand and without lessening Guarantor's liability under this Guaranty, from time to time: (a) to alter, compromise, renew, extend, accelerate or otherwise change one or more times the time for payment or other terms of the Note or any part of Borrower's obligations, including increases and decreases of the rate of interest; and any extensions may be repeated and may be for longer than the original term;

(b) to determine how, when and what application of payments and credits shall be made on the Note; (c) to sell, transfer, assign or grant participations in all or any part of the Note; and (d) to assign or transfer this Guaranty in whole or in part.

Except as prohibited by applicable law, Guarantor waives any right to require Lender (a) to extend other credit to Borrower; (b) to make any presentment, protest, demand or notice of any kind, including notice of any nonpayment of the Note or of any nonpayment, or notice of any action or nonaction on the part of Borrower, Lender or any surety in connection with the Note or in connection with the creation of new or additional loans or obligations; (c) to resort for payment or to proceed directly or at once against any person, including Borrower or any other guarantor; (d) to pursue any other remedy within Lender's power; or (e) to commit any act or omission of any kind, or at any time, with respect to any matter whatsoever.

4. **Nature of Guaranty**. This Guaranty is a continuing, absolute and unconditional guaranty of payment and performance, not collection, and Guarantor waives any right to require Lender to proceed against Borrower to obtain payment. The Guarantor shall pay and perform Borrower's obligations under the Note irrespective of any bankruptcy, insolvency, or other law which would prevent the collection of any amount due from Borrower. No delay on the part of Lender in the exercise of any right or remedy shall operate as a waiver thereof and no modification or waiver of any of the provisions of this Guaranty shall be binding upon Lender except as set forth in writing and signed by Lender. Wherever possible, each provision of this Guaranty shall be interpreted in such manner as to be effective and valid under applicable law, and shall be ineffective or invalid only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Guaranty. The Guarantor further agrees that if any payment which has been received by Lender from Borrower is or must be rescinded, repaid or returned for any reason (including without limitation application or any bankruptcy or similar law), such payment for purposes of this Guaranty shall be treated as never having been made.

5. **Representations and Warranties**. Each Guarantor represents and warrants to the Lender as follows, and acknowledges that the Lender is relying upon the said representations and warranties as a basis for extending credit to Borrower:

(a) The Guarantor is duly incorporated, existing and in good standing under the laws of its jurisdiction of formation; it has full power, authority and capacity to enter into and perform its obligations hereunder; all necessary action has been taken to authorize the execution and delivery of this Guaranty and the performance of its obligations hereunder; there are no provisions in any agreement which restricts or limits its powers to enter into and perform its obligations under this Guaranty; and neither the execution and delivery of this Guaranty, nor compliance with the terms, provisions and conditions hereof will conflict with, result in a breach of, or constitute a default under its charter documents, by-laws or operating agreement.

(b) Neither the execution and delivery to the Lender of this Guaranty, nor compliance with the terms, provisions and conditions of this Guaranty will conflict with, result in a breach of, or constitute a default under any agreement or instrument to which

the Guarantor is a party or by which the property and assets or the Guarantor may be bound or affected, and does not require the consent or approval of any other party.

(c)     1944, LLC, is the owner of record of that parcel of real property commonly known as 1944 Gladstone Drive, Wheaton, Illinois.

(d)     Blockrunner, LLC is the entity through which Borrower conducts business and receives business income and holds investment assets.

(e)     "Intellectual Property Rights" means any and all proprietary rights including patent, copyrights, trademarks and service marks, trade secrets, unfair competition rights, and any other similar rights created or existing under federal, state or local law. Each Guarantor represents and warrants that it owns, or has sufficient legal authority to use, all Intellectual Property Rights used in connection with its business, including without limitation, web site code, proprietary technology, domains, logos, photographs and written materials, and further covenants and agrees to take measures to protect its Intellectual Property Rights that are no less rigorous than the measures taken by similarly situated companies in the industry to protect such Intellectual Property Rights.

6.     **Assignment**. The Lender may from time to time upon notice to, but without the consent of the Guarantor, assign or transfer this Guaranty and the obligations of the Guarantor hereunder or any portion thereof or interest therein to any other party (the "Assignee"). The Assignee shall, to the extent of the interest so assigned or transferred, be entitled to the benefit of and the right to enforce this Guaranty to the same extent as if the Assignee were the Lender. The Guarantor shall not be entitled to assign or transfer this Guaranty or any of the Guarantor's rights, duties or obligations hereunder without the prior written consent of the Lender.

7.     **Entire Agreement**. This Guaranty constitutes the entire agreement between the Guarantor and the Lender relating to the subject matter hereof, and supersedes all prior agreements, representations, warranties, understandings, conditions or collateral agreements, whether oral or written, express or implied, with respect to the subject matter hereof.

8.     **Further Assurances**. The Guarantor shall forthwith, at its own expense and from time to time, do or file, or cause to be done or filed, all such things and shall execute and deliver all such documents, agreements, opinions, certificates and instruments reasonably requested by the Lender or its counsel as may be necessary or desirable to complete the transactions contemplated by this Guaranty and carry out its provisions and intention.

9.     **Successors and Assigns**. This Guaranty shall inure to the benefit of the Lender and its successors and assigns and shall be binding upon the Guarantor and its legal representatives, heirs, executors, administrators, successors and permitted assigns.

10.     **Expenses**. The Guarantor shall pay forthwith upon demand to the Lender all expenses, including the reasonable fees, disbursements and other charges of their counsel (on a solicitor and his own client basis), experts or agents which the Lender may incur in connection

3

with (i) the administration of this Guaranty, (ii) the custody or preservation of, or the sale of, collection from or other realization upon any of the collateral securing the obligations of Guarantor hereunder, (iv) the exercise, enforcement or protection of any of the rights of the Lender hereunder, or (v) the failure of the Guarantor to perform or observe any of the provisions hereof.

11. **Notices**. All notices and other communications required or which may be given hereunder shall be in writing and shall be deemed effectively given or received for all purposes only (i) when presented personally, (ii) on receipt when mailed by U.S. first class mail, registered or certified, postage prepaid, return receipt requested, (iii) one day after being sent if sent by professional overnight courier or messenger service, or (iv) on the date of transmission if sent by telecopy or other means of electronic transmission, with receipt confirmed by answer back or otherwise, at the address indicated on the signature page to this Agreement (or addressed as any party may subsequently designate by notice in accordance with this Section).

12. **Governing Law; Jurisdiction**. This Guaranty shall be governed in all respects by the internal laws of the State of Illinois. TO INDUCE LENDER TO ACCEPT THIS GUARANTY, GUARANTOR HEREBY IRREVOCABLY CONSENTS TO THE JURISDICTION OF ANY FEDERAL OR STATE COURT SITTING IN COOK COUNTY, ILLINOIS, FOR PURPOSES OF ANY ACTION OR PROCEEDING RELATING TO OR ARISING OUT OF THIS GUARANTY OR THE NOTE AND HEREBY IRREVOCABLY WAIVES ANY OBJECTION TO THE LAYING OF VENUE IN ANY SUCH COURT. GUARANTOR HEREBY IRREVOCABLY WAIVES ANY RIGHT TO TRIAL BY JURY IN ANY ACTION, SUIT, COUNTERCLAIM OR PROCEEDING (I) TO ENFORCE OR DEFEND ANY RIGHTS UNDER OR IN CONNECTION WITH THIS GUARANTY OR THE NOTE, OR ANY AMENDMENT, INSTRUMENT, DOCUMENT OR AGREEMENT DELIVERED OR WHICH MAY IN THE FUTURE BE DELIVERED IN CONNECTION HEREWITH OR THEREWITH, OR (II) ARISING FROM ANY DISPUTE OR CONTROVERSY ARISING IN CONNECTION WITH OR RELATED TO THIS GUARANTY OR THE NOTE, OR ANY SUCH AMENDMENT, INSTRUMENT, DOCUMENT OR AGREEMENT, AND AGREES THAT ANY SUCH ACTION, SUIT, COUNTERCLAIM OR PROCEEDING SHALL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.

**[SIGNATURE PAGE FOLLOWS]**

IN WITNESS WHEREOF, each Guarantor has executed and delivered this instrument, jointly and severally, as of the day and year first above written.

1944, LLC

By:_____
Name: Adam Tracy
Title: Managing Member

Blockrunner, LLC

By:_____
Name: Adam Tracy
Title: Managing Member

L2 Digital, LLC

By:_____
Name: Brian Nelson
Title: Managing Member

5