**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| L2 DIGITAL, LLC, a Wyoming limited liability company, | |
| Plaintiff, | |
| v. | Case No. 1:26-cv-3651 |
| ADAM TRACY, an individual; 1944, LLC, an Illinois limited liability company; and CAPITAL LAW GROUP, LLC d/b/a BLOCKRUNNER, LLC, a dissolved limited liability company, | Judge Lindsay C. Jenkins |
| Defendants. | |

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**</u>

This action arises from Defendants' failure to repay the $125,000 Principal Amount due under a Senior Secured Promissory Note dated February 6, 2024, together with contractual default interest at 20% per annum and collection costs, including reasonable attorney's fees. Defendants were served with process, failed to appear or otherwise defend, and are now in default. The well-pleaded allegations of the complaint and the undisputed documentary evidence therefore establish Defendants' liability on Counts I–III and entitle Plaintiff to a default judgment for the sum certain principal, default interest that can be made certain by computation, and Plaintiff's reasonable fees and costs, for which Plaintiff requests leave to file a fee petition for the Court's consideration.

**BACKGROUND**

**I.      Factual background**

"Upon default, the well-pled allegations of the complaint relating to liability are taken as true . . . ." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). This is an action by Plaintiff L2 Digital

against Defendant Adam Tracy and his related business entities to recover $125,000 in principal, plus accrued interest and attorney's fees, arising from Tracy's failure to repay a Senior Secured Promissory Note executed on February 6, 2024. (Compl., D.E.1, ¶ 1.) Tracy's obligations are secured by a pledge of substantially all of his assets and a guaranty executed by the codefendants. (*Id.*)

Brian Nelson (Plaintiff's sole owner) and Defendant Tracy are former business associates. (*Id.* ¶ 9.) On February 6, 2024, Tracy executed a Senior Secured Promissory Note (the "Note") in the original principal amount of $125,000 (the "Principal Amount") in favor of L2 Digital. (*Id.* ¶ 10; *see* Compl. Ex. 1, D.E. 1-1.) Under the Note, the principal balance was due and payable in full on or before April 6, 2024 (the "Maturity Date"). (Compl. ¶ 11.) The Note also provided that Tracy conveyed to L2 Digital a first lien security interest on all assets he then owned or later acquired, to secure the payment he was required to make under the Note. (*Id.* ¶ 12.) This security interest was memorialized in a separate agreement (the "Security Agreement"). (*Id.*; *see* Compl. Ex. 2, D.E. 1-2.)

The Note further provided that Tracy pledged to L2 Digital all of his ownership interest in 1944, LLC as further security for the payment he was required to make under the Note. (Compl. ¶ 13.) This securities pledge was memorialized in a separate agreement (the "Securities Pledge Agreement"). (*Id.*; *see* Compl. Ex. 3, D.E. 1-3.) Also, 1944, LLC and Blockrunner signed a Guaranty agreement (the "Guaranty") guaranteeing Mr. Tracy's performance under the Note. (Compl. ¶ 14; *see* Compl. Ex. 4, D.E. 1-4.) Pursuant to a representation made in the Guaranty, 1944, LLC is the owner of record of Tracy's home in Wheaton, Illinois. (Compl. ¶ 14.) In each of these agreements, the parties expressly consented to the jurisdiction of any federal or Illinois state

court in Cook County, Illinois to adjudicate any dispute arising from the agreement. (*Id.* ¶ 15.)

Upon an Event of Default, default interest automatically accrues on the unpaid principal amount, or any interest due under the Note, at the rate of 20% per annum, continuing until the Event of Default is cured. (*Id.* ¶ 16.) Separately, and in addition to any other rights or remedies provided under the Note, at the option of L2 Digital, all sums evidenced by the Note (including all principal, default interest, fees, and all other amounts due) shall become immediately due and payable. (*Id.*) Separately, Tracy's failure to perform any of the covenants in the Note, or any covenants in any other agreements between Tracy and L2 Digital, which continues for a period of 10 days after L2 Digital has given a notice of default to Mr. Tracy, constitutes an Event of Default. (*Id.* ¶ 17.)

Tracy failed to pay the Principal Amount on or before April 6, 2024. (*Id.* ¶ 18.) This was an Event of Default. (*Id.*) Tracy has failed to make any payment toward the Principal Amount or any other amounts due under the Note. (*Id.* ¶ 19.) L2 Digital has made numerous attempts to collect the amount owed to it under the Note, including a formal written demand made on January 20, 2026, all of which were unsuccessful. (*Id.* ¶ 20.)

Under the Note, L2 Digital is entitled to recover all costs of collection, including reasonable attorney's fees and all costs of suit, in the event Tracy fails to pay the unpaid principal amount or any payment of default interest when due. (*Id.* ¶ 22.) Under the Securities Pledge Agreement, the successful or prevailing party in any legal action or proceeding brought in connection with the agreement is entitled to recover from the non-prevailing party reasonable attorney's fees and other costs incurred in such action or proceeding. (*Id.* ¶ 23.) The Guaranty makes each Guarantor liable for any and all costs and expenses, including, without limitation, reasonable attorney's fees,

incurred by L2 Digital in enforcing Tracy's obligations under the Note and each Guarantor's obligations under the Guaranty. (*Id.* ¶ 24.)

## II.     Procedural history

Plaintiff filed its complaint on April 1, 2026, asserting claims for breach of contract against Tracy as to the Note, the Securities Pledge, and the Security Agreement (Count I); 1944, LLC as to the Guaranty (Count II), and Blockrunner as to the Guaranty (Count III), as well as unjust enrichment against all Defendants, pleaded in the alternative (Count IV).[1] (D.E. 1.) Summonses were issued on April 2, 2026, and all three Defendants were served. (D.E. 7.)  Blockrunner was served on April 3, 2026 (answer due April 24, 2026); Tracy was served on April 7, 2026 (answer due April 28, 2026); and 1944, LLC was served on April 23, 2026 (answer due May 14, 2026). (D.E. 9, 11, 12.)

None of the Defendants filed an answer or any responsive pleading by their respective deadlines. Accordingly, Plaintiff moved for entry of default as to all three Defendants pursuant to Federal Rule of Civil Procedure 55(a). (D.E. 16; *see* D.E. 16-1.) The Court granted this motion and entered default against all three Defendants. (D.E. 17.)

### Legal Standard

Under Federal Rule of Civil Procedure 55, a court may enter a default judgment when a defendant fails to plead or otherwise defend. Fed. R. Civ. P. 55(a). First, an entry of default must be made pursuant to Rule 55(a). Plaintiff requested entry of default on May 18, 2026. (D.E. 16; *see* D.E. 16-1.) That request was granted as to all three Defendants on May 26. (D.E. 17.) Accordingly, Plaintiff may now properly move for a default judgment pursuant to Rule 55(b). "If the plaintiff's

---

[1] Plaintiff does not seek a default judgment as to Count IV at this time.

4

claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs" against a defaulting defendant (who is not a minor or an "incompetent person"). Fed. R. Civ. P. 55(b)(1). In all other cases:

> [T]he party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A)     conduct an accounting;
>
> (B)     determine the amount of damages;
>
> (C)     establish the truth of any allegation by evidence; or
>
> (D)     investigate any other matter.

Fed. R. Civ. P. 55(b)(2).

A default judgment establishes as a matter of law that a defendant is liable to a plaintiff on each cause of action alleged. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). "Upon default, the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Id.* The decision to enter a default judgment lies within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1398 (7th Cir. 1993).

ARGUMENT

**I.     The Court should grant a default judgment in Plaintiff's favor as to Counts I, II, and III.**

Illinois law governs each of the contracts at issue. (D.E. 1-1 at 4, 5; D.E. 1-2 at 5; D.E. 1-3 at 4; D.E. 1-4 at 5.) "In Illinois, a breach of contract claim requires: '1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages.'" *SolAmerica Energy Servs., LLC v. J-Hulick Elec. I, Inc.*, No. 3:22-CV-

5

50391, 2024 WL 5681672, at *2 (N.D. Ill. Feb. 13, 2024) (report and recommendation) (quoting *Reger Dev. v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010)), *adopted*, 2024 WL 1603483 (N.D. Ill. Apr. 12, 2024). The complaint and its attachments, which are accepted as true for purposes of liability, establish Defendants' liability here. *See E.E.O.C. v. HCS Med. Staffing, Inc.*, No. 11-CV-402-JPS, 2012 WL 529593, at *4 (E.D. Wis. Feb. 17, 2012).

First, the Note, Security Agreement, Securities Pledge Agreement, and Guaranty are all signed, valid, enforceable contracts. (Compl. ¶¶ 26, 31, 36; *see* D.E. 1-1, 1-2, 1-3, 1-4.) Second, Plaintiff performed its obligations under each of them, including advancing the full loan amount to Tracy. (Compl. ¶ 27.) Third, Tracy breached the Note, the Security Agreement, and the Securities Pledge Agreement by failing to pay the Principal Amount to Plaintiff by April 6, 2024. (*Id.* ¶ 28.) Indeed, Tracy has not paid any amount to Plaintiff under these contracts, at any time. (*Id.* ¶ 19.) 1944, LLC and Blockrunner breached their obligations under the Guaranty to pay the amount owed by Tracy on the Note in the event he failed to pay it. (*Id.* ¶¶ 32–33, 37–38.)

Finally, Plaintiff has suffered harm as a general matter as a result of Defendants' breaches (specific damages are discussed *infra*). Plaintiff has not received the Principal Amount, any default interest, or any other amounts due under the contracts at issue. (*Id.* ¶¶ 34, 40, 46.) Thus, Defendants' liability on Counts I, II, and III is established as a matter of law.

## II. The Court should award Plaintiff the Principal Amount under the Note and all accrued default interest under Rule 55(b)(1).

The Principal Amount under the Note is $125,000. (Compl. ¶ 10.) This is a "sum certain" under Rule 55(b)(1). And the amount of accrued default interest under the 20% per annum rate specified by the Note "can be made certain by computation." Fed. R. Civ. P. 55(b)(1). 20% per annum is equivalent to an interest rate of 0.0548% per day, which is $68.49 here. The date of

Tracy's default was April 7, 2024, as the Principal Amount was due and payable in full on or before April 6, 2024, and Tracy failed to pay it by that date (or at all). (Compl. ¶¶ 11, 18.) As of the date of this filing (832 days after April 7, 2024), $56,986.30 in interest has accrued, making the total $181,986.30, if a default judgment were issued today. Plaintiff therefore requests that the Court issue a default judgment and award it $125,000 plus the amount of accrued default interest as of the day of the default judgment, pursuant to Rule 55(b)(1). (*See* **Ex. 1**, Decl. of Benjamin S. Morrell (submitted pursuant to Rule 55(b)(1) in support of these calculations).)

**III. The Court should find that Plaintiff is entitled to its reasonable attorney's fees and allow Plaintiff to submit a fee petition proving up the fees and costs incurred to date.**

Each of the four contracts at issue establishes that Plaintiff may recover its reasonable expenses, including attorney's fees, incurred in enforcing them and collecting on the amounts owed. (Compl. ¶¶ 22, 23, 29, 34, 40, 46; *see* D.E. 1-1 at 5; D.E. 1-2 at 4; D.E. 1-3 at 5; D.E. 1-4 at 2.) Defendants' liability for Plaintiff's costs and attorney's fees is therefore established as a matter of law. Courts commonly allow a prevailing plaintiff to "prove-up any attorneys fees to which [they] may be entitled" by filing a fee petition after the issuance of a default judgment. *See, e.g.*, *Dvore v. Casmay*, No. 06-CV-3076, 2009 WL 211856, at *7 (N.D. Ill. Jan. 29, 2009). Plaintiff requests that the Court do so here and allow it to submit a fee petition within 21 days of the entry of a default judgment.

## CONCLUSION

For the reasons discussed above, the motion for default judgment should be granted.

Dated: July 17, 2026

Respectfully submitted,

L2 DIGITAL, LLC

*/s/ Benjamin S. Morrell*
Benjamin S. Morrell (IL ARDC No. 6341896)
Spencer J. Parts (IL ARDC No. 6346375)
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
Tel.: (312) 527-4000
Fax: (312) 527-4011
bmorrell@taftlaw.com
sparts@taftlaw.com

*Counsel for Plaintiff*

8